UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE GRAY CASUALTY & SURETY COMPANY, § § § | |
| *Plaintiff,* § § | Civil Action No. 3:22-CV-0467-X |
| v. § § | |
| GOLD STANDARD MOVING AND STORAGE LLC et al., § § § | |
| *Defendants.* § § | |

## **MEMORANDUM OPINION AND ORDER**

The Gray Casualty & Surety Company ("Gray") filed this interpleader action. Gray now moves to discharge itself as a plaintiff in this matter. [Doc. No. 53]. For the reasons below, the Court **GRANTS** the motion.

### I. Factual Background

Gray acted as a surety for a moving company called Gold Standard Moving and Storage LLC ("Gold"). To do so, Gray wrote a bond for $75,000 that was effective from May 4, 2021 to October 28, 2021. The upshot was that, if Gold incurred liability during the relevant timeframe and then defaulted on a claim against it, Gray would be on the hook for up to $75,000.

As it happens, between May 4, 2021 and October 28, 2021, Gold incurred liability—lots of liability. According to several aggrieved individuals who sought Gold's help moving, Gold is not a moving company at all; it's "a broker" that acts as a

1

middleman between the customer and the actual moving company.[1] And according to those aggrieved individuals, Gold price gouged days before scheduled moves[2] and lost items in transit.[3] For instance, one individual claims that the truck carrying his belongings was "repossessed" and that his "possessions were donated and disposed of."[4]

Reading the writing on the wall, Gray filed the instant interpleader action, seeking to deposit the value of its bond—$75,000—"into the registry of this Court" and naming all known claimants as defendants (the "Defendants").[5] On May 2, 2022, Gray deposited that $75,000 into the Court's registry. Several claimants have now appeared, and, collectively, they seek significantly more than $75,000.[6]

Gray now asks the Court to discharge it from the instant action.

## II. Legal Standard

District courts have jurisdiction over interpleader actions filed by a company that "issued a [] bond . . . of $500 or more."[7] Such actions "protect a stakeholder . . . from the possibility of multiple claims upon a single fund."[8] To resolve an

---

[1] Doc. No. 17 at 2; *accord* Doc. No. 31 at 1.

[2] Doc. No. 31 at 1 (alleging that Gold changed the price of moving services "from $3500 total to nearly $12,000").

[3] Doc. No. 21 at 4 ("[M]ost of these items never arrived at their end destination. Most of the items were either lost or stolen, and the few items that did make it . . . were severely damaged.").

[4] Doc. No. 31 at 2.

[5] Doc. No. 1 at 4–5.

[6] *See, e.g.*, Doc. No. 21 at 5 (seeking to recover "$140,642.51 . . . from and against Gold, to the extent that such damages are not paid from the interpleader funds").

[7] 28 U.S.C. § 1335.

[8] *Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1100 n.1 (5th Cir. 1992) (quoting 28 U.S.C. § 1335).

interpleader action, a court must (1) determine "whether the requirements for [a] statutory interpleader action have been met," and, if so, (2) determine "the respective rights of the claimants."[9] If the Court "concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder."[10]

### III. Analysis

"Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry."[11] The Court considers each element in turn.

First, "a single, identifiable fund is a prerequisite to an interpleader action."[12] Unlike some cases involving multiple "funds encompassing different periods during a [multiple]-year span,"[13] the fund at issue is $75,000, the "penal sum" of a single bond that "Gray wrote . . . on behalf of Gold" and that covered the time period between May 4, 2021 and October 28, 2021.[14] That's a single fund.

Second, at least two claimants are diverse. As Gray notes, at least one claimant "is a citizen of Texas" while another "is a citizen of New York."[15] Further,

---

[9] *Auto Parts Mfg. Miss., Inc. v. King Const. of Hous., L.L.C.*, 782 F.3d 186, 193 (5th Cir. 2015) (cleaned up).

[10] *Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) (per curiam).

[11] *Am. Gen. Life Ins. Co. v. Corzo*, No. 3:20-CV-3572-B, 2021 WL 1222135, at *1 (N.D. Tex. Apr. 1, 2021) (Boyle, J.) (cleaned up).

[12] *Gifford*, 954 F.2d at 1100.

[13] *Id.* at 1101.

[14] Doc. No. 1 at 4.

[15] *Id.*

3

those claimants are "adverse" and "competing for th[e] fund."[16]  Each claimant wants a portion of the fund, and yet each claimant cannot get the amount he seeks since, together, they seek more than $75,000.[17]

Third, Gray has deposited that $75,000 into the Court's registry.

In sum, because Gray meets the requirements for statutory interpleader, the Court "may discharge the plaintiff-stakeholder."[18]  Accordingly, the Court **DISCHARGES** Gray from this action.[19]

Gray also asks the Court to issue injunctive relief.  A district court may "issue a permanent injunction in an interpleader action when it discharges a plaintiff from further liability."[20]  Specifically, 28 U.S.C. § 2361 authorizes the Court to restrain all claimants "from instituting or prosecuting any proceeding . . . affecting the property . . . involved in the interpleader action until further order of the court."  Accordingly, the Court **ORDERS** the following injunctive relief:

(1) Gray is discharged from liability to the Defendants—and to all other claimants—in any way related to The Gray Casualty & Surety Company Bond No. GSC0602441 issued to Gold ("the Bond") or to the handling or processing

---

[16] *Corzo*, 2021 WL 1222135, at *1.

[17] The fact that each potential claim arises from a different set of facts is irrelevant.  *See Auto Parts*, 782 F.3d at 193 ("Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another." (cleaned up)).

[18] *Berry*, 718 F. App'x at 263; *see also* 28 U.S.C. § 2361 (recognizing that the "district court . . . may discharge the plaintiff from further liability").

[19] *See Auto Parts*, 782 F.3d at 196 (recognizing that the district court should discharge the interpleader-plaintiff "***from the action***" (emphasis added)).

[20] *Id.* at 192.

4

of claims made under the Bond.

(2) Defendants—and all other claimants—may not institute against Gray any proceeding in any state or United States Court or administrative tribunal in any way related to the Bond.

(3) Gray is dismissed with prejudice from all further appearances or actions in this case and from all liability for costs in this matter.

## IV. Conclusion

The Court **GRANTS** Gray's motion, **DISCHARGES** Gray as provided above, and **ENJOINS** the claimants as provided above.

**IT IS SO ORDERED** this 23rd day of January, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE